UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TRACEY DALE GODFREY,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 2:25-cv-00371-JRO-MJD
                                    )
SHERIFF DEPARTMENT KNOX COUNTY      )
VIN. IND., et al.,                  )
                                    )
            Defendants.             )

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS, AND GRANTING MOTION FOR
CASE STATUS**

Plaintiff Tracey Godfrey, who is currently incarcerated at the Knox County Jail, alleges in this case that he was wrongly denied participation in the Life After Meth ("LAM") Program at that facility. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Godfrey names the following defendants: Sheriff of Knox County,[1] and LAM Directors[2] Aaron and Marsha Bishop. Godfrey's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Godfrey alleges that the LAM Directors denied him entry into the program because of his "nervous attention deficit" disorder. The Sheriff does not require the LAM staff not to deprive inmates of equal opportunities. Godfrey further alleges that the defendants retaliated against him for filing grievances and lawsuits.

## III. DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Godfrey has identified the theories he wishes to use—retaliation

---

[1] Although Mr. Godfrey identifies this defendant in the caption as the Sheriff's Department, his allegations in the complaint are against the Sheriff individually.

[2] The complaint is understood to name LAM Directors Aaron and Marshal Bishop as defendants, rather than LAM Directors of Life After Meth Program as a distinct defendant.

under the First Amendment and equal protection under the Fourteenth Amendment. Where a *pro se* litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Godfrey's claims only under the theories he has identified.

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, any allegation against the Sherriff is **dismissed**. Godfrey's only allegation against the Sheriff is that the Sheriff failed to require his staff not to discriminate against inmates seeking to enter the LAM Program. But "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Godfrey does not allege that the Sheriff personally participated in Godfrey's allegations. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.").

Next, any retaliation claim is **dismissed**. To state a First Amendment retaliation claim, Godfrey must allege that: (1) he engaged in activity protected

by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) and *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Godfrey's bald claim that he was denied access to the LAM program because he filed grievances is not enough to allow an inference that his filing of grievances motivated the defendants' actions.  Godfrey does not allege that the defendants knew about his grievances or any facts to support a conclusion that they acted because of his grievances.  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law.").

Godfrey's claim against LAM Directors Aaron and Marshal Bishop **shall proceed** as a Fourteenth Amendment Equal Protection claim.  To state an Equal Protection claim, Godfrey must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose.  *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).  Or, "[a] plaintiff alleging a class-of-one-equal-protection claim must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment."  *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010).  Godfrey's allegation that

the defendants denied him entry into the LAM program because of his attention deficit disorder is understood to be a claim that they treated him differently because of a disability.

"Disabled individuals, like any class, are protected by the Equal Protection Clause of the Fourteenth Amendment." *Stevens v. Ill. Dept. of Transp.*, 210 F.3d 732, 737–38 (7th Cir. 2000).   Thus, "it is a violation of the Fourteenth Amendment for the State to discriminate against disabled persons in an irrational manner or for an illegitimate reason." *Id.*  That said, courts subject such claims only to rational basis review, not heightened scrutiny.  "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001). Plaintiff's claim may not survive a dispositive motion filed by Defendants or trial—since only irrational state action can be a violation.  But his complaint, taken as true at this stage, sufficiently states an Equal Protection Clause claim based on disability without a rational purpose.  *See also Ostrowski v. Lake County*, 33 F.4th 960, 966 (7th Cir. 2022) (explaining that a disability-based equal protection challenge to pension-plan offerings "qualifies . . .  for rational basis review"); *Mullins v. Indiana*, No. 1:20cv-02900-JPH-TAB, 2023 WL 7513693, at *1 (S.D. Ind. Nov. 13, 2023) (quoting *Stevens*, 210 F.3d at, 737-38).

This summary of claims includes all of the viable claims identified by the Court.   All other claims have been dismissed.   If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court,

he shall have **through July 15, 2026,** in which to file a motion to reconsider the screening order.

## IV. CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action: an Equal Protection Clause claim against LAM Directors Aaron and Marshal Bishop.  All other claims have been dismissed.

The **clerk is directed** to terminate the Sheriff's Department and LAM Directors of Life After Meth Program as defendants.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Godfrey's motion for case status, dkt. [23], is **GRANTED** consistent with the rulings in this Order.

**SO ORDERED.**

Date: June 17, 2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TRACEY DALE GODFREY
2000050067
KNOX COUNTY JAIL
2375 S. Old Decker Rd.
Vincennes, IN 47591


LAM Director Aaron
KNOX COUNTY JAIL
2375 S. Old Decker Rd.
Vincennes, IN 47591

LAM Director Marsha Bishop
KNOX COUNTY JAIL
2375 S. Old Decker Rd.
Vincennes, IN 47591